IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | : | |
|---|---|---|
| **FLOYD DELOACH, JR.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO.  7:07-CV-15 (HL) |
| | : | |
| **Nurse SHIRLEY LEWIS,** | : | |
| **Captain D. PEETE,** | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

This is a section 1983 action brought by a former inmate at the Lowndes County Jail who is proceeding *pro se*. Defendant Lewis was one of several nurses that provided health care to jail inmates during all times relevant to the complaint (Doc. # 34 - Lewis Aff., ¶¶ 2, 7). Defendant Peete is evidently the jail administrator (Doc. # 2, Complaint, Caption). Four motions are presently pending herein, Plaintiff's Motion for Summary Judgment (Doc. # 23), Plaintiff's Motion to Place Case on Pretrial Calendar (Doc. # 26), Plaintiff's Motion for a Pre-Trial Hearing (Doc. # 31), and Defendant Lewis' Motion for Summary Judgment (Doc. # 32). Although the most recently filed, for purposes of order and economy the undersigned will first address Defendant Lewis' Motion for Summary Judgment.

In considering the pending motions it is important to note that plaintiff's only complaints against these defendants are that,

> [o]n or about the 1-19-07 and 1-23-07, both Nurse Shirley Lewis
> and Capt. D. Peete while "acting under the color of state law"
> denied me access to medical attention on the above dates and in
> between I requested medical attention because of a prostate
> infection, this prostate infection has been causing severe swelling
> even so much until I am having trouble urinating as well as the pain

>and suffering which is unbearable. The above defendants have instructed all of their employees to avoid any contact with me no more eating and occasionally showering, this is a clear issue of "malicious vindictiveness" because of previous complaints that I've already filed.[1]

(Doc. # 2, Complaint, p. 4, Statement of Claim Continued).

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

Further, Federal Rule of Civil Procedure 56(e)(2) provides as follows:

> ***Opposing Party's Obligation to Respond.***
> When a motion for summary judgment is properly made and

---

[1] It appears that in addition to a denial of medical attention, plaintiff is alleging that he is being denied food and hygiene and that he is the victim of retaliation for having filed other lawsuits. However, the undersigned is unable to find any further references to denial of food, hygiene and retaliation in the record. This case appears to involve only plaintiff's allegation of denial of medical treatment. The other potential claims appear to have been abandoned and are therefore not addressed in this recommendation.

> supported, an opposing party may not rely merely on allegations or denials in its own pleading: rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond summary judgment should, if appropriate, be entered against that party.

*Discussion*

Defendant Lewis has supported her motion with her sworn affidavit (Doc. # 34) and relevant portions of plaintiff's medical records maintained by the Lowndes County Jail (Doc. # 34-2). Plaintiff has filed a response in opposition to plaintiff's motion (Doc. # 37).  This document cannot be considered to be an affidavit as it contains no indication that it was given under oath or penalty of perjury.  Unfortunately for plaintiff this document is not evidence and it directs the court to no evidence of record which creates a genuine material factual issue. Plaintiff appears to be merely denying the contents of defendant Lewis' affidavit.

The following testimony is taken from the affidavit of defendant Lewis (Doc. # 34).  The numbers in parentheses refer to the numbered paragraphs of the affidavit.

At all times relevant to the complaint Lewis provided nursing care to inmates at the jail (¶ 2). Plaintiff never had a prostate infection while at the jail. There was no physical indication or verbal or written complaint regarding such a condition while plaintiff was at the jail (¶ 3). Between the dates of January 19 and 23, 2007, plaintiff was housed in the "Max-pod" portion of the jail where inmates are checked upon at least two times a day by the jail nursing staff.  "Each time he was checked, the monitoring nurse reported the medical check was okay and that there were no complaints." (¶ 6).  (See also, Doc. # 34-2, p. 11, showing that during the complained of dates plaintiff was checked by the nursing staff ten times and voiced no complaints about a prostrate problem).  Defendant Lewis did not check on or monitor plaintiff between January 19

and 23, 2007 (¶ 7). No member of the medical staff or any one else ever told defendant Lewis that plaintiff might have a prostate infection or that he complained of such (¶ 8). The first time defendant Lewis ever heard of a alleged prostate infection was upon review of the complaint, however plaintiff did not complain about a prostate problem during his remaining time at the jail, until approximately April 2007 (¶¶ 9, 3).

Inmates seeking medical attention are required to fill out a sick call slip which is obtained from a member of the nursing staff. The completed sick call slip, identifying the medical problem, is then picked up by a member of the nursing staff. The inmate is then examined by a member of the nursing staff to determine if further medical treatment is necessary (¶ 4). Plaintiff never completed a sick call slip relative to a prostate infection (¶ 5). (See also document 34-2, p. 5).

Attached to plaintiff's complaint as exhibit "A" are copies of two 'Inmate Request Forms' dated January 19, and 23, 2007, and directed to the attention of the other defendant, Captain Peete (Doc. # 2-2). Inmate Request Forms are different than Sick Call Slips. In fact the Inmate Request Forms are designed for routing to eleven different named jail staff employees in charge of different aspects of the jail, none of which is medical. Surely, as important as medical care is, if the Inmate Request From was intended to be used to request medical attention the form would be designed to allow the inmate to route it to the medical department. It is clear however that on both forms plaintiff was complaining to defendant Peete that he had a prostate infection and that the medical department would not treat him for such. Plaintiff names defendant Lewis directly in the Inmate Request Form he dated January 19, 2007.

Again from her affidavit (Doc. # 34), defendant Lewis' testimony regarding the inmate

4

request forms is essentially as follows. She never saw these forms until after she reviewed the complaint because such forms are not ever seen by the jail medical staff which has no access to these forms (¶ 10). Inmate Request Forms are typically given to Captain Peete or the other individuals to whom they are routed. "Upon receiving an Inmate Request Form which pertains to medical care requests, jail personnel will typically call the medical staff and see if a sick call slip has been filled out. If one has not, the jail personnel will inform the inmate he needs to fill out a sick call slip or provide one to him so that the complaint [sic] can be properly filled out and routed to the LCJ medical staff. Inmate Deloach did not fill out a sick call slip." (¶ 11). Defendant Lewis does not know if Captain Peete or any other jail personnel ever received the Inmate Request Forms attached to the complaint (¶ 12). Defendant Lewis never instructed anyone to avoid contact with plaintiff (¶13).

In the face of the above evidence plaintiff has offered nothing more than general unsworn denials (Doc. # 37). Thus no evidence has been presented suggesting that plaintiff even had a prostate infection at any time while he was an inmate at the Lowndes County Jail. The Nursing Progress Notes maintained in plaintiff's medical file at the jail show that between the dates of December 31, 2006, and March 13, 2007, he was checked on by nursing department personnel 143 times, including ten times between January 19 and 23, 2007, and that he voiced no complaints as to his medical condition, care, or treatment. He did request a sick call form on one occasion, February 5, 2007 and was provided one ( Doc. 34-2, p. 10 - 15).

There being no evidence in this record that plaintiff even had a prostate infection it can not be said that he suffered a serious medical condition which has been defined as one that, "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a

lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994) (abrogated on other grounds by Hope v. Pelzer, 122 S. Ct. 2508, 2515). (Doc. 33, p. 5).  In the absence of evidence of a serious medical condition it follows that there could be no deliberate indifference that would violate the Eighth Amendment.

     Viewing all inferences drawn from the underlying facts in the light most favorable to the plaintiff, there is absolutely no evidence in this record that creates a genuine factual issue as to the existence of a serious medical condition.  The movant having demonstrated the absence of a genuine issue of material fact, the plaintiff was required to "make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986).  This the plaintiff failed to do and for that reason it is the **RECOMMENDATION** of the undersigned that the motion for summary judgment of defendant Lewis be **GRANTED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Plaintiff's Motion for Summary Judgment (Doc. # 23)*

     Plaintiff has filed a document which he has titled as "Motion for Summary Judgment Pursuant to O.C.G.A. 9-11-56 Statement of the Case."  This document is captioned as though it is part of the instant case.  However, plaintiff complains about a Nurse Deanne Bushnowski and her treatment of plaintiff on November 18, 2005.  This individual is not a party to this lawsuit.  Plaintiff's "motion" is accompanied by no evidence and no statement as to any evidence which may already be of record.  Further, it makes no mention of an alleged prostate infection and

raises claims not raised in his original complaint. The "motion" makes absolutely no mention of defendants Peete although it does mention defendant Lewis' allegedly forcing plaintiff to lay on a cot in wet underwear for three days with no cover and refusing him access to a doctor. According to plaintiff, these actions, which are not raised in the complaint, also occurred in November of 2005. In short, plaintiff raises in his "motion" new claims not contained in his complaint. Merely titling a document as a motion for summary judgment does not make it such, which is the case here. For these reasons it is the RECOMMENDATION of the undersigned that plaintiff's 'Motion for Summary Judgment Pursuant to O.C.G.A. 9-11-56 Statement of Case' be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

***Plaintiff's Motion to Place Case on Pretrial Calendar (Doc. # 26) and Motion for a Pretrial Hearing (Doc. # 31).***

Should the District Judge to whom this matter is assigned adopt the recommendation to grant defendant Lewis' motion for summary judgment these motions will be moot as to her. Should the court not adopt the recommendation this matter will be scheduled for trial without plaintiff moving for same. Should defendant Peete elect not to file a motion for summary judgment it is assumed that this matter will be set down for trial without the need for said motions. To the extent that both of these motions presently appear on the List of Cases in which Motions have been pending for more than six months it is the RECOMMENDATION of the undersigned that they be DISMISSED without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 7th day of January 2009.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE