IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FLOYD DELOACH, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | CIVIL ACTION FILE NO. |
| : | **7 : 07-CV-15 (HL)** |
| Captain PEETE, : | |
| : | |
| Defendant. : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C § 1983 action is defendant's motion to dismiss or in the alternative motion for summary judgment (doc. 42). The undersigned recommended that defendant Shirley Lewis be granted summary judgment in this action, and noting the plaintiff's failure to file objections thereto, the district judge to whom this case is assigned made the recommendation the order of the court (see Doc. 41). Now defendant Peete has filed a motion, contending the he, too, is entitled to summary judgment.

Plaintiff alleges that on or about the 1-19-07 and 1-23-07, both Nurse Shirley Lewis and Capt. D. Peete while "acting under the color of state law" denied him access to medical attention on the above dates and in between when he requested medical attention because of a prostate infection that caused severe swelling leading to pain and difficulty urinating. (Doc. # 2, Complaint, p. 4, Statement of Claim Continued).

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio

Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

Further, Federal Rule of Civil Procedure 56(e)(2) provides that when a motion for summary judgment is properly made and supported,

> an opposing party may not rely merely on allegations or denials in its own pleading: rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond summary judgment should, if appropriate, be entered against that party.

According to the affidavit submitted by Shirley Lewis (doc. 34), inmates seeking medical attention are required to fill out a sick call slip which is obtained from a member of the nursing staff. The completed sick call slip, identifying the medical problem, is then picked up by a member of the nursing staff. The inmate is then examined by a member of the nursing staff to determine if further medical treatment is necessary (¶ 4). Plaintiff never completed a sick call slip relative to a prostate infection (¶ 5). (See also document 34-2, p.5).

Attached to plaintiff's complaint as exhibit "A" are copies of two 'Inmate Request Forms' dated January 19, and 23, 2007, and directed to the attention of defendant Captain Peete (Doc. # 2-2). Inmate Request Forms are different than Sick Call Slips. In fact the Inmate Request Forms

are designed for routing to eleven different named jail staff employees in charge of different aspects of the jail, none of which is medical. It is clear however that on both forms plaintiff was complaining to defendant Peete that he had a prostate infection and that the medical department would not treat him for such.

The Nursing Progress Notes maintained in plaintiff's medical file at the jail show that between the dates of December 31, 2006, and March 13, 2007, he was checked on by nursing department personnel 143 times, including ten times between January 19 and 23, 2007, and that he voiced no complaints as to his medical condition, care, or treatment. He did request a sick call form on one occasion, February 5, 2007 and was provided one ( Doc. 34-2, p. 10 - 15).

In response to this motion for summary judgment, plaintiff has attached a copy of notice he has received from the Social Security Administration that he is entitled to Supplemental Security Income Benefits (doc.44) and argues that this is evidence that he is currently disabled.  Plaintiff may well be disabled from performing work in accordance with the rules and regulations of the Social Security Administration in December of 2008, when he was awarded benefits.  However, those documents do not show what his disability is, nor does plaintiff show how the documents he has now relate to the alleged denial of medical care by this defendant over a period of less than one week in January of 2007.

Plaintiff has failed to show that he had  a prostate infection during that week in January of 2007; therefore, it can not be said that he suffered a serious medical condition which has been defined as one that, "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994) (abrogated

on other grounds by <u>Hope v. Pelzer</u>, 122 S. Ct. 2508, 2515). (Doc. 33, p. 5).  In the absence of evidence of a serious medical condition it follows that there could be no deliberate indifference that would violate the Eighth Amendment.

 Consequently, it is the RECOMMENDATION of the undersigned that defendant Peete's motion for summary judgment be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of July, 2009.

              //S Richard L. Hodge
              RICHARD L. HODGE
              UNITED STATES MAGISTRATE JUDGE

msd